**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IVONNE OTILIA RAMIREZ SANCHEZ, | No.    14-73652 |
| Petitioner, | Agency No. A088-452-180 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 12, 2017
San Francisco, California

Before:  WALLACE, TASHIMA, and WATFORD, Circuit Judges.

Ivonne Otilia Ramirez Sanchez, a native and citizen of Peru, petitions for

review of the Board of Immigration Appeals' ("Board") denial of her application

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

for withholding of removal. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition for review.

To qualify for withholding of removal, an applicant must demonstrate a clear probability of persecution "because of" a protected ground, in this case, membership in a particular social group. *Al-Harbi v. INS*, 242 F.3d 882, 888–89 (9th Cir. 2001); 8 U.S.C. § 1231(b)(3)(A). As we recently explained in *Barajas-Romero v. Lynch*, 846 F.3d 351 (9th Cir. 2017), the phrase "because of" means that the protected ground must be "a reason" for the alleged persecution. *Id.* at 358–59. The "a reason" standard applicable to withholding claims is "less demanding" than the "one central reason" standard applicable to asylum claims. *Id.* at 360.

Substantial evidence supports the Board's determination that Ramirez did not establish a nexus between a protected ground and the alleged persecution or fear of future persecution. Even assuming Ramirez's particular social group of "family members who were all the victims of criminals" is cognizable, there is substantial evidence that the criminals who targeted Ramirez's family did so because of her husband's access to money through his employment with a prestigious hotel, and not for any other reason. For example, Ramirez testified that the criminals targeted her husband because he had information about his

employer's financial transactions, and then kidnapped and beat him when he failed to divulge the information. Ramirez also testified that the criminals attacked her mother because Ramirez's husband refused to provide the information. Finally, Ramirez testified that when the criminals made threatening phone calls to her home, they told her no one would be hurt so long as her husband provided the information that would allow them to rob the hotel. On this record, the Board had substantial evidence to conclude that any persecution or fear of future persecution was not because of Ramirez's membership in a particular social group, but rather because of the criminals' desire to rob the hotel for which her husband worked.

We need not remand in light of our decision in *Barajas-Romero*. Although the Board applied the "one central reason" standard applicable to asylum claims, rather than the "a reason" standard applicable to withholding claims, the outcome would be the same under either standard. Here, Ramirez presents no evidence that the criminals targeted her family because of the family relationship per se, rather than because of their desire to extort information that would allow them to rob the hotel. *See Matter of L-E-A-*, 27 I. & N. Dec. 40, 45 (BIA 2017) ("[N]exus is not established simply because a particular social group of family members exists and the family members experience harm."). Therefore, Ramirez has not established a nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir.

2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

The petition for review is **DENIED**.